## THE ALERT.

District Court, S. D. New York. July 1, 1927.

1. Customs duties ⊜⟿121—Statute permitting government use of forfeited vessels may be more liberally construed than forfeiture statute.

Statute providing for government use of forfeited vessels, instead of selling them, may be construed with more liberality than in case of statute providing for forfeiture, since claimant could have no legal interest in mode of disposition of vessel after forfeiture to government.

2. Customs duties ⊜⟿131—Coastwise vessel, forfeited for proceeding on foreign voyage without giving up enrollment, is forfeited for customs violation, and may be used by government, instead of sold (19 USCA §§ 522–524; 46 USCA §§ 278, 294–301, 305, 312).

Rev. St. § 4337 (46 USCA § 278; Comp. St. § 8086), subjecting enrolled or licensed vessels proceeding on foreign voyage to forfeiture, together with "merchandise so imported therein," for failure to give up enrollment and license to collector of port, held to relate to violation of customs laws, within Act March 3, 1925 (19 USCA §§ 522–524), permitting use of vessels forfeited to government for violation of customs laws in enforcement of such laws, in lieu of sale, within discretion of Secretary of Treasury; general rule that coastwise vessels do not require entry inspection being subject to inspections covered by Rev. St. §§ 4349–4357, 4366 (46 USCA §§ 294–301, 305, 312; Comp. St. §§ 8101–8108, 8110, 8119).

In Admiralty. Libel by the United States against the American gas screw Alert; Frederick J. Chapey, claimant. On claimant's motion to vacate an order recalling a writ of venditioni exponas, and directing the placing of the vessel in the custody of the United States Coast Guard. Motion denied.

Louis Halle, of New York City (Nathan April, of New York City, of counsel), for the motion.

Charles H. Tuttle, U. S. Atty., of New York City (Herman T. Stichman, Asst. U. S. Atty., of New York City, of counsel), opposed.

AUGUSTUS N. HAND, Circuit Judge. This is a motion to vacate an order of June 18, 1927, recalling the writ of venditioni exponas, and directing that the vessel Alert be placed in the custody of the United States Coast Guard, and for other and further relief.

At the trial of a libel for forfeiture of the above-mentioned vessel, I dismissed all causes of forfeiture, except the count brought under section 4337 of the United States Revised Statutes (46 USCA § 278; Comp. St. § 8086). That section reads as follows:

"If any vessel, enrolled or licensed, shall proceed on a foreign voyage, without first giving up her enrollment and license to the collector of the district comprehending the port from which she is about to proceed on such voyage, and being duly registered by such collector, every such vessel, together with her tackle, apparel, and furniture, and the merchandise so imported therein, shall be liable to seizure and forfeiture."

On June 18th, upon motion of the United States attorney, I modified the decree of forfeiture which had theretofore provided only for a writ of venditioni exponas as a mode of executing the same, by directing that the Alert be turned over to the Secretary of the Treasury under the provisions of section 2 of the Act of Congress approved March 3, 1925 (19 USCA § 523); it appearing that the Secretary of the Treasury had applied to the court for delivery of the Alert to the commander of the New York division of the Coast Guard.

The recent Act of March 3, 1925, being chapter 438 of the Public Laws of the Sixty-Eighth Congress (19 USCA § 522–524), provides, among other things, as follows:

"That hereafter any vessel or vehicle summarily forfeited to the United States for violation of the customs laws, may, in the discretion of the Secretary of the Treasury, under such regulations as he may prescribe, be taken and used for the enforcement of the customs laws or the National Prohibition Act, in lieu of the sale thereof under existing law.

"Sec. 2. That upon application therefor by the Secretary of the Treasury, any vessel or vehicle forfeited to the United States by a decree of any court for violation of the customs laws or the National Prohibition Act may be ordered by the court to be delivered to the Treasury Department for use in the enforcement of the customs laws or the National Prohibition Act, in lieu of the sale thereof under existing law."

The question arises whether the forfeiture of the Alert for violation of section 4337 of the Revised Statutes can be regarded as a violation of the customs laws.

[1] In dealing with the Act of March 3, 1925, it occurs to me that, after a decree of forfeiture is entered, the claimant can have no legal interest in the mode of execution of the decree. His vessel has been forfeited, and the writ of venditioni exponas, had it been executed, would have afforded nothing more than a mode of disposing of the res for the benefit of the government. In other words, the entire interest of the claimant ceased with the decree, and neither vessel nor the proceeds realized upon a sale by the marshal in execution of the decree of forfeiture would belong to him. This consideration may not be without some importance, for though, in construing a statute of forfeiture, the rule of strictissimi juris applies, yet if the forfeiture is no longer in the case, because a final decree of forfeiture has been entered, the construction of the Act of March 3, 1925, providing for the delivery of the vessel to the Coast Guard, concerns only the government, and the statute may be construed with more liberality than where forfeiture itself is involved.

It is said, in answer to the suggestion that the claimant has no right after the decree of forfeiture of the res or the proceeds thereof, and therefore cannot be concerned with the disposition which the court may make of either, that any disposition of the vessel under the Act of March 3, 1925, supra, is inseparably connected with the forfeiture itself, being a part of the original decree, and that the claimant is therefore entitled to be heard in regard to the disposition of the vessel as well as in regard to the forfeiture. Claimants in such cases doubtless really wish to be heard, in the hope of repurchasing their forfeited vessels upon favorable terms at a marshal's sale. While such a right to purchase doubtless concerns the claimant in a legal sense no more than any other member of the public, yet I am willing, for the purpose of the disposition of this case, to treat the provision of the amended decree turning over the vessel to the Treasury Department in the same way as any other part, and to hear the claimant upon the merits on his motion to vacate my order.

[2] Section 4337 undoubtedly was for protection against smuggling and for the enforcement of the customs laws. It requires vessels engaged in coastwise trade, when proceeding on a foreign voyage, to give up their enrollment and license to the collector of the district comprehending the port from which

they are about to proceed, and to be duly registered for foreign commerce with the collector. It is true that the forfeiture under section 4337 is for proceeding on a foreign voyage without first giving up the enrollment and license to the collector of the district comprehending the port from which the vessel is about to proceed, and being duly registered by such collector; but the section concludes with the provisions that merchandise "imported therein shall be liable to seizure and forfeiture." In other words, the statute is directly aimed at guarding the customs by requiring a coastwise vessel, which does not ordinarily have to make entry or subject itself to inspection by officers of the customs, to place herself in the class of vessels engaged in foreign trade.

Justice Story, in The Friendship, Fed. Cas. No. 5124, said, in regarding the original act from which Revised Statutes, § 4337, was practically copied: "That the great object of that act is to secure the revenue of the United States from frauds, and to prevent a foreign trade from being carried on under color of a coasting license."

The libel in that case was, among other things, "for proceeding on a foreign voyage from the port of Ipswich, without first giving up her enrollment and license, and without being registered by said collector for said voyage." While the court held that the forfeiture did not attach until the vessel had quitted the port with an intent to proceed on the foreign voyage, the dictum of Justice Story is illuminating.

It is true that there are statutory provisions requiring entry of vessels having only a coastwise license in certain cases. But the general rule that coastwise vessels do not require entry and inspection obtains, subject to certain exceptions covered by Rev Stat. §§ 4349-4357, inclusive (46 USCA §§ 294-301, 305; Comp. St. §§ 8101-8108, 8110), and section 4366 (46 USCA § 312; Comp. St. § 8119). Section 4337 providing for surrender of coastwise licenses and registry for foreign trade, where vessels are to proceed on a foreign voyage, is plainly to safeguard the customs, and is a "customs law," within the meaning of the statute.

Although the matter is not free from doubt, my opinion is that the words "customs laws," in the Act of March 3, 1925, should not be construed so narrowly as to embrace only provisions of law covering the direct smuggling of merchandise, and I accordingly deny the motion to vacate the order of June 18th for the delivery of the Alert to the Treasury Department.